# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:12-CR-20-TLS |
| | ) | |
| RACHEL L. MCMILLAN | ) | |

## SENTENCING OPINION

This matter is before the Court on a Sentencing Memorandum [ECF No. 38], filed by the Defendant, Rachel L. McMillan, in anticipation of sentencing. The Defendant asserts that the sentencing factors set forth in 18 U.S.C. § 3553(a) justify a below-Guideline sentence. The Government's Sentencing Memorandum [ECF No. 39] sets forth the Government's opposition to the Defendant's request.

## BACKGROUND

The Defendant, along with her boyfriend of nineteen years, Rene Rivera, were indicted on drug charges for their role in transporting heroin and 100% pure methamphetamine from California to northern Indiana for further distribution. Rivera is a fugitive, while the Defendant has pled guilty to Conspiracy to Possess with Intent to Distribute 50 Grams or More of Methamphetamine and 100 Grams or More of Heroin, in violation of 21 U.S.C. § 846. Pursuant to the written plea agreement between the Defendant and the Government, the parties agreed that the Defendant would receive a reduction in her sentence for acceptance of responsibility, that the Defendant was responsible for 3,000 to 10,000 kilograms of equivalent marijuana, that the Defendant's role was minor, that the Government would dismiss count 3 at sentencing, and that the parties recommended that the Court impose a sentence within the guideline range without

regard to any statutory minimum sentence provided the Defendant met the safety valve criteria.

In accordance with Federal Rule of Criminal Procedure 32, the probation officer prepared a Presentence Investigation Report (PSR). According to the PSR, the Defendant's Guideline range of imprisonment is 51 to 63 months. The Government and the Defendant both indicate that they have no objections to the PSR. However, on February 8, 2013, the Defendant filed a Sentencing Memorandum requesting a sentence of no more than 36 months, which is 15 months lower than the low end of the advisory Guideline range. The Government opposes the Defendant's request, and asks that the Court sentence the Defendant to the low end of the advisory Guideline range.

## ANALYSIS

When sentencing a defendant, the district court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a)." *Nelson v. United States*, 555 U.S. 350, 351 (2009); *see also United States v. Panice*, 598 F.3d 426, 441 (7th Cir. 2010) (citing *Nelson*, and setting forth the two-step process that a sentencing court must engage in to determine a defendant's sentence); *United States v. Bush*, 523 F.3d 727, 729 (7th Cir. 2008) ("[T]o ascertain the actual sentence, [the district court] must apply the criteria set forth in § 3553(a) to the facts and circumstances of the defendant's particular case."). At issue in this case is the application of the criteria set forth in § 3553(a) to the facts and circumstances of the Defendant's particular case. In imposing a sentence, § 3553(a) requires a court to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

>           (2) the need for the sentence imposed—
>                   (A) to reflect the seriousness of the offense, to promote respect for
>                   the law, and to provide just punishment for the offense;
>                   (B) to afford adequate deterrence to criminal conduct;
>                   (C) to protect the public from further crimes of the defendant; and
>                   (D) to provide the defendant with needed educational or vocational
>                   training, medical care, or other correctional treatment in the most
>                   effective manner;
>           (3) the kinds of sentences available;
>           (4) [the advisory guideline range;]
>           (5) any pertinent policy statement [issued by the Sentencing Commission;]
>           (6) the need to avoid unwarranted sentence disparities among defendants with
>           similar records who have been found guilty of similar conduct; and
>           (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

After considering these factors, a court must impose a sentence that is sufficient, but not greater than necessary, to satisfy the purposes of sentencing: adequately capturing the seriousness of the offense, providing just punishment, promoting respect for the law, affording adequate deterrence, and protecting the public. *Id.* In making this determination, a district court may not presume that the guideline sentence is the correct one, *Nelson*, 555 U.S. at 352; *Rita v. United States*, 551 U.S. 338, 351 (2007), but must "give respectful consideration to the Guidelines," *Kimbrough v. United States*, 552 U.S. 85, 101 (2007). Ultimately, a district court must make an independent determination, taking into account the types of sentences available, the other relevant § 3553(a) factors, and the arguments of the parties. *See Gall v. United States*, 552 U.S. 38, 49–50 (2007). A sentencing court must explain any variance from the Guidelines range with reference to the § 3553(a) factors. *Nelson*, 555 U.S. at 351.

**A.     The Advisory Guideline Range**

3

Neither the Defendant nor the Government has objected to the Probation Officer's calculation of the advisory Guideline range. The base offense level, 31, is derived from a 7,569.7-kilogram-marijuana-equivalency and the Defendant's mitigating role in the offense. The offense level for this amount of drugs would have been 34 if the Defendant had not been eligible for a mitigating role adjustment, U.S.S.G. §§ 2D1.1(c)(3), 2D1.1(a)(5)(ii). Because the Defendant satisfies the safety valve criteria in U.S.S.G. § 5C1.2, her offense level is reduced by two levels. Her offense level is further reduced because she is a minor participant (-2) and has accepted responsibility for the offense (-3). Given these adjustments, the Defendant's total offense level is 24. The Defendant, who has five misdemeanor convictions, has a criminal history category of I. An offense level of 24 and a criminal history category of I results in a range from 51 to 63 months of imprisonment. Although a statutory minimum sentence of ten years applies to the offense of conviction, the Court may sentence the Defendant without regard to the statutory minimum because she meets the safety valve criteria set forth in 18 U.S.C. § 3553(f). The Court finds that PSR correctly calculates the Guidelines, and adopts the Probation Officer's conclusions as to the applicable Guideline range.

B.      **The § 3553(a) Factors**

The Defendant argues that in spite of the applicable Guideline range, the Court should exercise its discretion under § 3553(a) and sentence her to a term of imprisonment that does not exceed 36 months. As justification, she cites her childhood experiences, including being raised by alcoholic parents, and her own addictions to alcohol and drugs. She maintains that her main motivation for helping Rivera traffic drugs was her desire to get a daily fix of methamphetamine.

She notes that at the time of her sentencing, she will have already been incarcerated for more than a year, and thus clean of alcohol and drugs for this period. The Defendant further submits that she is committed to attending the Residential Drug Abuse Treatment Program that is offered by the Bureau of Prison, and that her risk of re-offending is "minuscule" if she overcomes her addictions. Lastly, the Defendant notes that her youngest daughter is only 3 years old, and argues that a long period of incarceration would have a devastating impact on her daughter's sense of stability, safety, connectedness, and worthiness.

In response to the Defendant's submission, the Government highlights the seriousness of the Defendant's offense of transporting large quantities of methamphetamine and other drugs from California to northern Indiana, and the negative impact of this crime on the community and other families. The Government notes that the Defendant's participation was not a one-time event, and that she was actively engaged in planning discussions, booking flights, and driving Rivera and the informant to the airport for their trip to California. Then, when Rivera's truck was taken into police custody after a traffic stop, she forged a power of attorney and used the fake document to retrieve the truck, believing that it still concealed the drug load from California. She wanted to keep Rivera out of trouble and to find the hidden drugs to give to the informant. Toward the accomplishment of this end, she continued to have conversations with the informant. In response to the Defendant's argument about her main motivation for aiding Rivera, the Government notes that her own statements show that Rivera had been providing her with methamphetamine for personal use for only about a year. The Government maintains that a sentence of 36 months is too light for trafficking such a large quantity of drugs, and it would have little deterrent effect on the Defendant or others engaged in similar illegal activity.

Although the Government is sympathetic to the Defendant's family background and addiction problems, it does not believe that these are mitigating circumstances overriding the Defendant's numerous opportunities to choose her family over drugs. The Government argues that through the Defendant's history with the criminal justice system, including her convictions for drunk driving and public intoxication, she would have become familiar with the treatment options and rehabilitative resources available to her. The Government argues that the Defendant's history does not provide much assurance that she will deal with her addiction and thus present a minuscule risk for recidivism. Last, the Government notes that the Guideline range set forth in the PSR already takes into account the nature and circumstances of the offense and the history and characteristics of the Defendant, and awards her significant benefits—the Defendant has received reductions of ten levels. She received a 2 level decrease in her offense level because she qualifies for the safety valve. Her offense level was reduced 5 additional points because she was less culpable than Rivera, and 3 more because she accepted responsibility. The Government argues that the low end of the resulting guideline range of 51 to 63 months of imprisonment is sufficient, but not greater than necessary, to satisfy the purposes of punishment.

The Court, in consideration of the kinds of sentences available as well as the nature and circumstances of the offense and the history and characteristics of the Defendant, concludes that a sentence any lower than 51 months would be insufficient to meet the purposes of punishment. As the Government noted, the offense of conviction, transporting a large quantity of dangerous and addictive substances into the area for distribution, is quite severe. The Defendant has already received benefits for her mitigating role in this offense. She is not entitled to any further reduction, particularly where she actively sought retrieve the truck and drugs using fake

documents. Not only did she do this to protect Rivera, but she proactively sought to transfer the drugs she knew were secreted away inside the truck to the informant for further distribution, all without Rivera's assistance. A term of 51 months is necessary to adequately capture the seriousness of the offense, provide just punishment, promote respect for the law, and afford adequate deterrence to others who would consider engaging in such activity.

The Guideline range also accords significant consideration to the Defendant for her history and characteristics, particularly her limited criminal history background. However, a review of the Defendant's history does not hint that she has made any attempt to conform her behavior to the law or, for that matter, for the benefit of her three children. In fact, her criminal history category may actually under-represent the likelihood that she will commit other crimes given the numerous arrests for charges that were never pursued to conviction. In addition, the record does not support the Defendant's argument that her aid to Rivera was motivated mainly by a desire to satisfy her own addiction, or even that Rivera would not have provided her with drugs absent her assistance. A term of imprisonment of 51 months is sufficient, but not greater than necessary, to protect the public from further crimes of the defendant.

The Court declines to make any final determination until the time of sentencing, when it will either accept or reject the Plea Agreement in accordance with Federal Rule of Criminal Procedure 11(c) and Guideline § 6B1.2. The Court anticipates accepting the Plea Agreement because it appears that "the remaining charge[] adequately reflect[s] the seriousness of the actual offense behavior and that accepting the agreement will not undermine the statutory purposes of sentencing or the sentencing guidelines." U.S.S.G. § 6B1.2(a). The conduct in the count to be dismissed was considered relevant conduct when calculating the Guideline range, and the counts

would have been grouped. In addition, at sentencing, the Defendant will have an opportunity to address the Court to present any other statements in support of a sentence outside the advisory Guideline range.

## CONCLUSION

For all the reasons discussed above, the Court DENIES the request contained in the Defendant's Sentencing Memorandum [ECF No. 38]. Based on the record before the Court, a sentence of 36 months of imprisonment is not reasonable because it is not sufficient to meet the purposes of punishment. The Court CONFIRMS sentencing in this matter, set for March 14, 2013, at 1:30 PM.

ENTERED on: March 8, 2013.

       s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT